IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                         No. CR 09-2467 BB

ANTHONY JAMES ATENCIO,

      Defendant.

### MEMORANDUM OPINION
### SUPPORTING DENIAL OF MOTION TO DISMISS

THIS MATTER is before the Court on Defendant's Motion to Dismiss Indictment [doc. 22]. The Court having considered all pleadings and being fully advised, finds the Motion is not supported by law.

*Discussion*

Defendant argues that his girlfriend, Nicole Padilla, was a "knowing and voluntary passenger" in a vehicle which Defendant was driving while intoxicated and therefore consented to the assault incurred in the one-car accident. (Def.'s Mot. p. 1). While novel, this argument completely lacks logical or legal support.

While consent was traditionally considered to be a defense to assault in situations where physical contact was incident to normal activity, such as football or hockey, it has rarely been allowed as a defense to criminal charges outside the sexual context. *See*

*State v. Baxter*, 141 P.3d 92 (Wash. App. 2006); 2 W. LaFave & A. Scott, SUBSTANTIVE CRIMINAL LAW § 7.15 (1986). Making assault a crime protects both individual and the values of the greater society. *State v. Seal*, 415 P.2d 845 (N.M. 1966); *Lyons v. State*, 437 So. 2d 711 (Fla. App. 1983).

Indeed, New Mexico has expressly rejected consent as a valid legal defense to a charge of criminal assault. In *State v. Fransua*, 510 P.2d 106 (N.M. App. 1973), the defendant and the victim were drinking in an Albuquerque bar. After an argument, defendant made a statement to the victim to the effect that if defendant had a gun, he would shoot the victim. The victim then left the bar followed by defendant and went to his own automobile. There the victim removed a loaded pistol and set it on the automobile, and returned to the bar. He approached the defendant, laid the pistol on the automobile, and returned to the bar. He then told defendant that if he "wanted to shoot me to go ahead." Defendant then picked up the pistol, put the barrel next to the victim's head, and pulled the trigger, wounding him seriously.

Defendant asserted that the actions of the victim in procuring the weapon and inviting the defendant to shoot him constituted consent to the shooting and as such is a good defense to the crime of aggravated battery. In affirming the conviction, the Court of Appeals said:

> While we entertain little sympathy for either the victim's absurd actions or the defendant's equally unjustified act of pulling the trigger, we will not permit the defense of consent to be raised in such cases. Whether or not the victims of crimes have so little regard for their own safety as to

> request injury, the public has a stronger and overriding interest in preventing and prohibiting acts such as these. We hold that consent is not a defense to the crime of aggravated battery....

510 P.2d at 107.

It is therefore clear that even if Nicole Padilla recognized Defendant was intoxicated when she entered his vehicle, it would not constitute legal consent to Defendant assaulting her by rolling his vehicle at a high speed and producing her permanent injuries.

*[signature: Bruce D. Black]*

**BRUCE D. BLACK**
United States District Judge